# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Cause No. 2:12-cr-3-WTL-CMM-2 |
| ) | |
| CASSANDRA CHEATHAM, ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

This cause is before the Court on the Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. No. 764). The Government has filed a response, and the Court, being duly advised, **DENIES** the motion.

On February 1, 2012, the Defendant was charged in two counts of a six-count indictment: conspiracy to possess with the intent to distribute and to distribute 50 grams or more of methamphetamine (actual) and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846 (Count One); and distributing 5 grams or more of methamphetamine (actual), in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) (Count Three). On March 5, 2013, the Government and the Defendant entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C) wherein the Defendant agreed to plead guilty to Count One of the Indictment. The Government agreed to move for dismissal of Count Three at the time of sentencing, and the Defendant acknowledged and agreed that the conduct charged in Count Three, as well as other relevant conduct, would be considered for purposes of calculating the offense level for Count One. The

parties further agreed that if the Court accepted the plea agreement, the Defendant would be sentenced to a specific sentence of 120 months' imprisonment.

At the time of sentence, the Court found that the Defendant's total offense level was 33.[1] With a criminal history category of I, the guideline range was 135 to 168 months' imprisonment. The statutory penalty for Count One, pursuant to Title 21, United States Code, Section 841(b)(1)(A), was a mandatory minimum sentence of not less than ten years imprisonment. The Court sentenced the Defendant to 120 months' imprisonment.

Now before the Court is the Defendant's motion for modification of sentence pursuant to Amendment 782 of the Sentencing Guidelines and the Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018). Title 18, United States Code, Section 3582(c)(2), permits a court to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." When the Defendant was sentenced, 8,968 kilograms of equivalent marijuana corresponded to a base level of 34. U.S.S.G. § 2D1.1(c)(3) (November 2012). The Sentencing Guidelines were subsequently amended to reduce the base offense levels for drug offenses by two levels, effective November 1, 2014. U.S.S.G. § 2D1.1(c), Supplement to Appendix C, Amendment 782. Amendment 782 is retroactive. *United States v. Clayton*, 811 F.3d 918, 921 (7th Cir. 2016). As a consequence of this amendment, the specific base offense level for the

---

[1] For sentencing purposes, the Defendant was found to be accountable for 8,968 kilograms of equivalent marijuana (298.4 grams of actual methamphetamine and 1.5 kilograms of methamphetamine), resulting in a base offense level of 34. She received a two-level increase because she was a manager or supervisor in the criminal activity. U.S.S.G. § 3B1.1(c). She also received a two-level reduction for acceptance of responsibility, and an additional one-level reduction for timely notifying the government of her intention to pled guilty, resulting in a total offense level of 33.

amount of equivalent marijuana for which the Defendant was sentenced was reduced to level 32. U.S.S.G. § 2D1.1(c)(4) (2015).

"Eligibility [for a reduction of sentence pursuant to Amendment 782] depends on whether the sentence . . . is actually 'based on' an amended Guideline range." *United States v. Jehan*, 876 F.3d 891, 893 (7th Cir. 2017) (quoting § 3582(c)(2)). "For a sentence to be 'based on' a lowered Guideline range, the range must have at least played a 'relevant part [in] the framework the [sentencing] judge used' in imposing the sentence." *Koons v United States*, 138 S. Ct. 1783, 1788 (2018) (quoting *Hughes*, 138 S. Ct. at 1788).

Here, the Defendant's sentence was not based on the guidelines range. Rather, the statutory mandatory minimum required the 120-month sentence. As such, no reduction under Amendment 782 can be made. Accordingly, the Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. No. 764) is **DENIED**.

SO ORDERED: 5/8/2019

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.

Copy via United States mail to:

**Cassandra Cheatham #10481-028**
**FMC Lexington**
**Federal Medical Center**
**P.O. Box 14500**
**Lexington, KY  40512**